UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>  v.<br><br>MICHAEL KUIMELIS,<br><br>    Defendant.<br>                                     / | No. CR 01-0196 SI<br><br>**ORDER DENYING PETITION FOR WRIT OF ERROR *CORAM NOBIS* OR *AUDITA QUERELA*** |

Defendant Michael Kuimelis seeks, by petitions alternatively styled for "writ of error *coram nobis*" or "writ of *audita querela*," to have his felony conviction in this action set aside and "recast" as a misdemeanor conviction. For essentially the reasons set out by the Government in its opposition memorandum, the petition is denied.

On June 22, 2001, defendant Kuimelis pled guilty to and was convicted of criminal contempt of court in violation of 18 U.S.C. § 401(3). As the Pre-Sentence Report indicates, the written plea agreement did not contain any guideline or sentence stipulations. Rather, in exchange for defendant's guilty plea, the Government agreed not to file any additional charges against defendant in conjunction with the investigation that led to the prosecution of Eugene Burger (CR 99-0439 SI), and the parties stipulated that both would have the opportunity to present evidence, including the testimony of witnesses, to support their respective views as to the applicable guidelines at the sentencing hearing. In the written plea agreement, defendant agreed to give up his right to appeal from his conviction, from the judgment and from his sentence. He also agreed not to file any collateral attack on his conviction or sentence, excepting any claim that he received ineffective assistance of counsel.

After substantial delay, the sentencing hearing occurred on May 7, 2002. The Pre-Sentence Report analyzed the applicable guidelines, and concluded that a three level enhancement was appropriate for substantial interference. After a two-level decrease for acceptance of responsibility pursuant to USSG § 3E1.1(a), defendant's total offense level was 13, with a sentence range of 12 to 18 months custody.

Although they could have done so, the parties called no witnesses at the hearing. Instead, the parties stipulated in writing that they agreed to accept the analysis of the Probation Office's Pre-Sentence Investigation Report, and agreed "to accept the analysis that based upon the facts set forth herein, the contempt offense resulted in substantial interference with the administration of justice because the dismissal of the case against Burger [No. CR 99-0439] resulted in the unnecessary expenditure of substantial government or court resources warranting an increase of three points to the base offense level pursuant to USSG § 2J1.2(b)(2)."[1]

Both the Probation Officer in the Pre-Sentence Report and the parties urged the Court to depart downward, based on their contention that defendant's conduct amounted to "aberrant behavior" under USSG § 5K2.20. The Court did depart downward, although slightly less than the parties had urged; defendant was sentenced to 3 years probation conditioned on 6 months home confinement with electronic monitoring, 150 hours community service, and a $20,000 fine.

Defendant now asks that the felony conviction be set aside,[2] for two reasons: One, because of the changes in application of the sentencing guidelines required by Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005); and two, "because the 'substantial interference' enhancement is not

---

[1] Stipulation, filed May 6, 2002. In addition, defendant's sentencing memorandum concluded, "we respectfully urge the Court to follow the sentencing recommendation of the probation office, with which both parties are in agreement, placing Mr. Kuimelis on probation for a period of three years and imposing a fine of $30,000."

[2] In the introductory section to his motion, defendant requests that the felony conviction be "set aside" and be "reset as a misdemeanor conviction." In his conclusion, he prays that the Court "vacate the felony enhancement applied to his conviction for criminal contempt" and "suggests" that the Court "could rightly reinstate his conviction for contempt of court, without this enhancement, resulting in his conviction being characterized as a misdemeanor rather than a felony." He supplies no legal authority for such actions. In this Court's view, if the requested writs were actually granted, the appropriate recourse would be resentencing on the 18 U.S.C. § 401(3) conviction.

2

1 supported by the facts of the case, as these have become clear over the passage of time and in civil
2 discovery proceedings."

3 The petition will be denied, for several reasons. In the first place, defendant specifically agreed,
4 in writing and orally under oath at the plea proceeding, not to file any appeal or collateral attack on the
5 judgment or sentence. He has demonstrated no reason whatever that he should not be held to his
6 promise at this point.

7 In the second place, he cannot meet the stringent requirements for grant of the "extraordinary
8 remedy" of writ of error *coram nobis* (or its analogue, writ of *audita querela*).[3] The Supreme Court has
9 held that such remedies should be allowed "only under circumstances compelling such action to achieve
10 justice," *United States v. Morgan*, 346 U.S. 502, 511 (1954), which defendant has not demonstrated in
11 this instance. The Ninth Circuit has held that neither *Booker* nor *Blakely* applies retroactively to cases
12 on collateral review. Moreover, even if they did apply they would not require reversal, since defendant
13 specifically stipulated to the three level enhancement for interference and admitted, in writing, the facts
14 on which the enhancement was based: "based on the facts set forth herein [in the stipulation], the
15 contempt offense resulted in substantial interference with the administration of justice because the
16 dismissal of the case against Burger resulted in the unnecessary expenditure of substantial government
17 or court resources." Stipulation, executed May 3, 2002 and filed May 6, 2002. The Court, which
18 presided over the aborted Berger trial and the Kuimelis plea and sentencing, was personally present
19 during much of the unnecessary expenditure of government and court resources to which defendant
20 stipulated.

21 This Court finds that defendant waived his right to attack his judgment and sentence in the
22 course of his plea agreement, and that in any case there were no errors of fact or law so fundamental as
23 to require further action. Even in hindsight, and considering the information supplied by counsel in his

---

[3] Grant of the writ of error *coram nobis* requires a four-part showing: (1) that there is no ordinary remedy available; (2) that valid reasons exist for not having attacked the conviction earlier; (3) that sufficient adverse consequences exist from the conviction to avoid mootness; and (4) that the error complained of is fundamental. *United States v. McClelland*, 941 F.2d 999, 1002 (9th Cir. 1991). "[T]he writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *United States v. Walgren,* 885 F.2d 1417, 1420 (9th Cir. 1989)(quoting *Yasui v. United States*, 772 F.2d 1496, 1498, 1499 & n.2 (9th Cir. 1985)).

petition and his reply to the government's opposition pleading, the Court believes that the sentence imposed on defendant was lenient and that the felony characterization was fair and appropriate.

The petition is denied.

IT IS SO ORDERED.

DATED: February 15, 2006

SUSAN ILLSTON
United States District Judge